UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| KURT KANAM, | CASE NO. C26-5172JLR |
| Plaintiff, | ORDER |
| v. |  |
| HARTFORD FIRE INSURANCE COMPANY, |  |
| Defendant. |  |

Before the court is *pro se* Plaintiff Kurt Kanam's second amended complaint. (2d Am. Compl. (Dkt. # 16).) For the reasons set forth below, the court STRIKES Mr. Kanam's second amended complaint.

Mr. Kanam filed this action on February 23, 2026. (Compl. (Dkt. # 1).) He amended his complaint on March 9, 2026. (Am. Compl. (Dkt. # 9).) On April 27, 2026, Mr. Kanam filed a second amended complaint. (2d Am. Compl.) Under Federal Rule of Civil Procedure 15(a), however, Mr. Kanam may only make further amendments to his

ORDER - 1

complaint with Defendant's written consent or with the court's leave because he already amended his complaint once as a matter of right. Fed. R. Civ. P. 15(a)(1), (2). Local Civil Rule 15 sets forth this District's procedures for moving for leave to amend and for amending with consent. *See* Local Rules W.D. Wash. LCR 15(a), (b). In either case, the plaintiff must attach to the motion for leave or notice of consent "a redlined version of the amended pleading showing how it differs from the pleading that it amends." *Id.* Here, however, Mr. Kanam filed neither a motion for leave to amend nor a notice of consent before filing his second amended complaint, and he failed to file a redlined version of his second amended complaint. (*See generally* Dkt.); *see Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (stating that *pro se* litigants must follow the same rules of procedure that govern represented litigants).

Therefore, the court STRIKES Mr. Kanam's second amended complaint (Dkt. # 16) without prejudice to filing either a motion for leave to amend or Defendant's written consent to amendment.

Dated this 29th day of April, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 2