UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT KANAM, | CASE NO. C26-5172JLR |
| Plaintiff, | ORDER |
| v. | |
| HARTFORD FIRE INSURANCE COMPANY, | |
| Defendant. | |

## I.    INTRODUCTION

Before the court are two motions filed by *pro se* Plaintiff Kurt Kanam:  (1) a "motion for declaratory judgment and payment to the federal government and Kurt Kanam ex rel." (Decl. J. Mot. (Dkt. # 17)); and (2) a "motion for action on bond" (Bond Mot. (Dkt. # 19)).  Defendant Hartford Fire Insurance Company ("Hartford") opposes Mr. Kanam's motions for declaratory judgment and for action on bond.  (Decl. J. Resp. (Dkt. # 22); Bond Resp. (Dkt. # 23).)  Mr. Kanam did not file replies in support of his

ORDER - 1

motions for declaratory judgment and for action on bond; instead, he filed a "motion to amend complaint and stay pending discovery and re service of summons and compl[ai]nt." (Mot. to Amend (Dkt. # 24).)  The court has reviewed the motions, the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised, the court DENIES Mr. Kanam's motions and ORDERS Mr. Kanam to show cause why this matter should not be dismissed for failure to state a claim.

## II.   BACKGROUND

Mr. Kanam alleges as follows:

> This is an action to declare that [] all of the bond holders of the STATE OF WASHINGTON are engaged in narcotics trafficking and drug dealing by licensing the sale of recreational marijuana in direct violation of the 1964 Civil Rights Act, the Controlled Substances Act, [t]he Supremacy Clause, the False Claim[s] Act, United Nations Convention against Corruption and the United Nations Convention against Illicit Traffic in Narcotic Drugs and Psychotropic Substances of 1988 and [t]he Racketeer Influenced and Corrupt Organizations (RICO)[.]
>
> This is also an action to declare that The[] Hartford Fire Insurance Company must pay the Federal Government 80% of The official bond(s) of the STATE OF WASHIN[G]TON for the STATE OF WASHIN[G]TON's criminal enterprise / grant fraud to the Federal Government and pay 20% to the ex rel plaintiff per the False Claim[s] Act.

(Am. Compl. (Dkt. # 9) at 1-2; *see also id.* at 3, 4 (repeating these allegations).)  Mr. Kanam asserts that he "invoke[s] the private attorney general doctrine per the False Claim[s] Act." (*Id.* at 2.)  He attached what he asserts is a copy of the bond to his original complaint.  (*See* Compl. (Dkt. # 1), Ex. A.)

Hartford explains that beginning in or about 1993,

> Hartford, as surety, issued Public Official Position Schedule Bond No. 52BSBDH738 on behalf of various public officials, as principals, and the

ORDER - 2

State of Washington, as obligee[.] . . . Pursuant to RCW 42.08.010, the Bond (and Hartford's liability) is conditioned upon the faithful discharge of each public official's respective duties to the State of Washington. According to its terms, the Bond serves as a financial guaranty against loss suffered by the State of Washington "through failure of official duty, whether of omission or commission[.]"

(Decl. J. Resp. at 2 (citing Compl., Ex. A).)

Mr. Kanam filed this action on February 23, 2026 and amended his complaint on March 9, 2026. (*See* Compl.; Am. Compl..) On April 27, 2026, Mr. Kanam filed a second amended complaint along with his motions for declaratory judgment and for action on bond. (*See* 2d Am. Compl. (Dkt. # 16); Decl. J. Mot.; Bond Mot.)

On April 29, 2026, the court struck Mr. Kanam's second amended complaint for failure to comply with Federal Rule of Civil Procedure 15(a) and Local Civil Rule 15. (4/29/26 Order (Dkt. # 18).) The court instructed Mr. Kanam that under Rule 15, he may only file a second amended complaint with Hartford's written consent or with the court's leave because he already amended his complaint once as a matter of right. (*Id.* at 1-2 (citing Fed. R. Civ. P. 15(a)(1), (2)).) The court further instructed Mr. Kanam that under Local Civil Rule 15, a plaintiff moving for leave to amend must attach to his motion "a redlined version of the amended pleading showing how it differs from the pleading that it amends." (*Id.* at 2 (quoting Local Rules W.D. Wash. LCR 15(a)).)

Hartford responded to Mr. Kanam's motions on May 12, 2026. (*See* Decl. J. Resp.; Bond Resp.) Rather than file a reply in support of his motions, Mr. Kanam filed his motion to amend his complaint and to stay. (*See* Mot. to Amend.) He did not, however, attach a copy of his proposed second amended complaint to his motion, let

ORDER - 3

alone provide a redlined version of the proposed second amended complaint showing how it differs from his amended complaint.  (*See id.*)

### III.   ANALYSIS

In his declaratory judgment motion, Mr. Kanam asserts that Hartford must pay (1) the federal government 70%, rather than 80%, of the amount of the bond, and (2) Mr. Kanam the remaining 30%, based on the State of Washington's alleged "narcotics trafficking and drug dealing" and "grant fraud of falsely certifying compliance in th[ei]r 1964 Civil Rights Act grant vouchers."  (Decl. J. Mot. at 1-2.)  In his motion for action on bond, Mr. Kanam again repeats his allegation regarding the State of Washington's alleged "narcotics trafficking and drug dealing" and asserts that "[i]t is for the above reason that I motion this court for an[] order granting action on bond per the False Claim[s] Act and RCW 42.08.030[.]"  (Bond Mot. at 1-2.)  In response, Hartford asks the court to deny the motions and asserts that the court should dismiss this action *sua sponte*. (Decl. J. Resp. at 1 n.1, 3; Bond Resp. at 1 n.1, 3.)  The court agrees with Hartford that *sua sponte* dismissal is warranted.

The court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 12(b)(6) after giving the plaintiff notice of its intent to dismiss and affording the plaintiff an opportunity to respond.  *Reed v. Lieurance*, 863 F.3d 1196, 1207 (9th Cir. 2017) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 683 n.7 (9th Cir. 2001)).  The court is mindful that Mr. Kanam is proceeding *pro se*, and therefore, it must construe his pleadings liberally.  *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).

ORDER - 4

Nevertheless, a *pro se* litigant must follow the same rules of procedure that govern other litigants. *See, e.g.*, *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

Under Rule 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (holding that even though *pro se* pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

The False Claims Act ("FCA") imposes civil liability, in relevant part, on "any person who . . . knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" to an "officer, employee, or agent of the United States" or who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim[.]" 31 U.S.C. § 3729(a)(1)(A)-(B), 2(A)(i); *see United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 423 (2023) ("The False Claims Act . . . imposes civil liability on any person who presents false or fraudulent claims for payment *to the Federal Government*.") (emphasis added). "The statute is unusual in authorizing private parties—known as relators—to sue on the

Government's behalf." *Id.* "Because *qui tam* relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain," a *pro se* relator cannot prosecute an action under the FCA. *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1126-28 (9th Cir. 2007)

Here, Mr. Kanam has not alleged that Hartford presented any false or fraudulent claims for payment to the United States government or made a false record or statement material to a claim for payment. (*See generally* Am. Compl.) And even if he had properly stated a claim under the FCA, he may not pursue such a claim *pro se*. *See Stoner*, 502 F.3d at 1126-28. Therefore, the court DENIES Mr. Kanam's motions for declaratory judgment and for action on bond, and ORDERS Mr. Kanam to show cause why this action should not be dismissed with prejudice for failure to state a claim. In addition, the court DENIES Mr. Kanam's motion for leave to amend for failure to follow the procedures set forth in Local Civil Rule 15.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Mr. Kanam's motions for declaratory judgment (Dkt. # 17), action on bond (Dkt. # 19), and leave to amend (Dkt. # 24). Mr. Kanam is ORDERED to show cause, by no later than **June 19, 2026**, why the

//

//

//

//

//

ORDER - 6

court should not dismiss this action with prejudice for failure to state a claim.  Failure to timely respond to this order will result in the court dismissing this action with prejudice.

Dated this 21st day of May, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 7